UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
JORDAN ROBERTS, an infant under          :
the age of 14 years, by his mother       :
and natural guardian, SANDRA PHILLIP,    :
and SANDRA PHILLIP, individually,        :
                                         :
                 Plaintiffs,             :
                                         :    10 Civ. 4548
            v.                           :    (BSJ)(JCF)
                                         :    **Memorandum and Order**
HAPPINESS IS CAMPING INC.,               :
                                         :
                 Defendant.              :
------------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Defendant Happiness is Camping Inc. ("HIC-NJ") has submitted to this Court objections to the February 25, 2012 Report and Recommendation of Magistrate Judge James C. Francis IV ("R&R"). Judge Francis' R&R recommended that the Court deny HIC-NJ's Motion for Summary Judgment. For the reasons discussed, the Court ADOPTS the R&R in full, overrules HIC-NJ's objections, and DENIES HIC-NJ's Motion for Summary Judgment.

**STANDARD OF REVIEW**

    "A district court evaluating a magistrate judge's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions...are not clearly

1

erroneous or contrary to law." Adams v. N.Y. State Educ. Dept., 705 F. Supp. 2d 298, 301 (S.D.N.Y. 2010) (internal citations omitted).  "Where a party makes a specific written objection after being served with a copy of the magistrate judge's recommended disposition, however, the district court is required to make a *de novo* determination regarding those parts of the report." Id. (internal quotations and citations omitted).

**FACTUAL BACKGROUND**

Although HIC-NJ has objected that the R&R "uses the existence of HIC-NY's [HIC-NJ's New York affiliate] Bronx office in an attempt to bootstrap HIC-NY's contacts onto HIC-NJ so as to establish sufficient party contacts between HIC-NJ and the State of New York necessary before the public policy exception can be invoked," Defs. Objection to Report and Recommendation at 3-4, HIC-NJ has not objected to the facts included in the R&R's "Background" section itself.  More specifically, HIC-NJ has not disputed the specific facts which Judge Francis relied upon in finding that HIC-NJ had sufficient contacts with New York so as to implicate New York's public policy exception, namely that: (1) HIC-NJ accepts participants from New York and throughout the United States; (2) HIC-NJ receives substantial donations from HIC-NY; (3) in official documents and on its letterhead, HIC-NJ lists its main address as 2169 Grand Concourse, Bronx, New York;

2

(4) the Chief Executive Officer of HIC-NJ maintains his office in New York; and (5) HIC-NJ's website identifies the New York address as its office location and lists a New York telephone number.  See R&R at 3-4, 8-9.

Since no objections have been made and the R&R's summary of the facts is neither clearly erroneous nor contrary to law, the Court adopts the "Background" section of the R&R and relies on the R&R for the specific facts cited therein.

**Objections to the R&R**

In its objection to the R&R's determination that the public policy exception acts to prevent enforcement of the New Jersey Charitable Immunity Act in the instant action, HIC-NJ argues that: (1) applying the New York Court of Appeals' Neumeier[1] Rule results in application of the New Jersey Charitable Immunity Act to this case; and (2) the R&R erred in imputing contacts of HIC-NY to HIC-NJ to establish sufficient contacts with New York so as to implicate New York's public policy.  Reviewing the relevant portions of the R&R *de novo*, the Court finds HIC-NJ's arguments unavailing.

*Neumeier Choice of Law Analysis*

---

[1] In Neumeier v. Kuehner, 31 N.Y.2d 121, 128 (1972), the New York Court of Appeals held in relevant part that in cases such as the one at bar "[w]hen the [tortfeasor's] conduct occurred in the state of his domicile and the state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim's domicile."

With respect to HIC-NJ's first contention, that the Neumeier choice of law analysis would result in the application of New Jersey law to the case at bar, this Court finds that the R&R properly considered and applied the Neumeier choice of law analysis. Indeed, the R&R explicitly acknowledges that "by the terms of this [the Neumeier choice of law] rule, it would appear that New Jersey law would apply." R&R at 6.

The R&R finds, however, that the second rule of Neumeier is not controlling in the instant case because of New York's public policy doctrine. Id. The Court now turns to the R&R's application of this doctrine.

### New York's Public Policy Doctrine

"The public policy doctrine is an exception to implementing an otherwise applicable choice of law in which the forum refuses to apply a portion of foreign law because it is contrary or repugnant to its State's own public policy." Schultz v. Boy Scouts of Am., 65 N.Y.2d 189, 202 (1985). The doctrine is considered only after the court has determined that the applicable substantive law under relevant choice-of-law principles is not the forum's law," and "the party seeking to invoke the doctrine" bears the heavy burden of "proving that the foreign law is contrary to New York public policy." Id. In order to meet its burden, the proponent seeking to apply the exception must establish that the applicable foreign law

4

violates some "fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal" as found in New York's "Constitution, statutes and judicial decisions." Id. (internal quotations omitted). In addition, the proponent must also "establish that there are enough important contacts between the parties, the occurrence and the New York forum to implicate our public policy and thus preclude enforcement of the foreign law." Id.

In its Objection to the Report and Recommendation, HIC-NJ has raised a specific objection only as to the R&R's finding that the present action involves sufficient contacts with New York so as to implicate the state's public policy doctrine. Since HIC-NJ has not objected to the R&R's implicit finding that the New Jersey Charitable Immunity Act is contrary to New York public policy, and the Court finds that the R&R was neither clearly erroneous nor contrary to law with respect to such a finding,[2] the Court adopts the R&R in this regard. On the question of whether the present action involves sufficient contacts to implicate New York's public policy, this Court finds that the R&R properly found that sufficient contacts had been

---

[2] See Begley v. City of New York, 62 N.Y.S.2d 770 (N.Y. App. Div. 2009) (holding that public policy exception prohibited enforcement of New Jersey's charitable immunity statute); and Schultz, 65 N.Y.2d at 203-4 (summarizing cases in which courts refused to enforce otherwise applicable foreign law on the basis that such law threatened New York public policy).

5

established. The New York Court of Appeals has held that, where a case involves a New York domiciliary who may have to bear the costs of their own injury as a result of applying the law of another jurisdiction, "New York's interest in th[e] case is sufficient to warrant scrutiny under the public policy exception." Cooney v. Osgood Mach., 81 N.Y.2d 66, 78 (1993). In the instant action, there is no dispute that Plaintiffs are New York domiciliaries who will have no outside source of recovery if New Jersey law is applied instead of New York law. In light of this, and especially given HIC-NJ's non-negligible contacts with New York, the Court finds that New York's interest in the case is sufficient to implicate the state's public policy.

**CONCLUSION**

The Court **ADOPTS** the R&R in its entirety and **DENIES** HIC-NJ's Motion for Summary Judgment.

The Clerk of the Court is directed to termination motion #12 from the ECF docket.

**SO ORDERED:**

/s/ Barbara S. Jones

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          March 13, 2012